IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James E. Bennett, | Case No.: 1:24-4432-JD |
| Petitioner, | |
| vs. | ORDER AND OPINION |
| Sheriff Kevin R. Tolson, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, issued on October 8, 2024 (DE 10), recommending dismissal of this action without prejudice due to Petitioner James E. Bennett's ("Petitioner") failure to comply with the Court's prior orders.

**A.    Background**

Petitioner, a pretrial detainee proceeding pro se, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 against Respondent, Sheriff Kevin R. Tolson ("Respondent"), alleging that he has been "involuntarily commit[ted] for up to 180 days." (DE 1 at 1.) On August 16, 2024, the Magistrate Judge entered an order directing Petitioner to either remit the $5.00 filing fee applicable to habeas corpus actions or complete and return Form AO 240 (Application to Proceed in District Court Without Prepaying Fees or Costs). (DE 4.) The order also expressly warned Petitioner that failure to comply could result in dismissal of the action. (*Id.*)

Petitioner did not respond. On September 11, 2024, the court issued an additional order explicitly advising Petitioner that, "[i]f Petitioner does not provide

1

the information below within the time permitted under this order, this case may be dismissed for failure to prosecute and comply with an order of this court under Rule 41 of the Fed. R. Civ. P." (DE 7.) Again, Petitioner failed to respond.[1]

The record reflects that the order was properly mailed to Petitioner and was not returned as undeliverable, thereby creating a presumption that it was received.

B.     **Report and Recommendation**

On October 8, 2024, the Magistrate Judge issued a Report and Recommendation recommending dismissal. (DE 10.) Petitioner subsequently filed an objection on October 23, 2024. (DE 13.)

C.     **Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

---

[1]    To date, Petitioner has not responded to these orders.

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Petitioner's Objection**

Petitioner's objection appears to elaborate on the factual basis underlying his habeas petition. For instance, Petitioner asserts:

> There has been a neura-linked transmitter illegally implanted in my ear by the victim of my case, 'Charlotte Burgess'." I strongly believe she is a part of the S.C. F.B.I. I am being physically harmed every day by the individuals operating this transmitter.

(DE 13 at 2.) While the Court acknowledges Petitioner's expressed concerns and personal distress, he has not offered any explanation for his failure to respond to or comply with the Court's prior orders. Compliance with federal procedural requirements is necessary for the continuation of this action. Because Petitioner's objection does not address or excuse his failure to adhere to the directives set forth in the Magistrate Judge's orders, the objection is overruled.

**E.    Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 10) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Petitioner James E. Bennett's Petition (DE 1) is **DISMISSED** without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41. Further, a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 5, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.